# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CAROLYN BALDWIN, INDIVIDUALLY AND AS NEXT FRIEND OF HER MINOR CHILD, J.D.B., JR.,<br>  *Plaintiff*<br><br>v.<br><br>ATHENS GATE BELIZE, LLC, ATHENS GATE, LTD, PELICAN REEF BELIZE, LLC, AND PELICAN REEF VILLAS, LTD,<br>  *Defendants* | Case No. A-19-CV-1234-LY-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL
  UNITED STATES DISTRICT JUDGE**

Before this Court are Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 12); Defendants' Motion to Dismiss for Forum Non Conveniens (Dkt. No. 13); Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 14); Plaintiffs' Motion to Remand and Request for Costs (Dkt. No. 15); and the parties' various response and reply briefs.

On February 25, 2020, the District Court referred to the undersigned Magistrate Judge all pending and future dispositive motions for disposition and nondispositive motions for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  Background

Carolyn Baldwin, a 29-year-old Colorado resident, and several of her friends decided to take a trip to Belize in the summer of 2017. One of Baldwin's friends, Kristen Viger, was responsible for researching and booking accommodations for the trip. After conducting research on the travel

1

review website TripAdvisor.com, Viger decided to make reservations at the Athens Gate Resort (the "Resort"), a small boutique beach resort in San Pedro, Belize. Viger then called the telephone number listed on the Resort's website and completed her booking.[1]

Baldwin and her friends arrived at the Resort in early June 2017. Tragically, on June 4, 2017, Baldwin dove off a pier located on the Resort and hit her head on the bottom of the ocean, causing a fracture of her cervical spine at the C5 vertebrae and immediate paralysis from the neck down. Baldwin currently is confined to a wheelchair, cannot walk, has limited use of her upper extremities, and cannot perform routine daily self-care activities without assistance.

On November 21, 2019, Baldwin, individually and on behalf of her minor daughter J.D.B. Jr. ("Plaintiff"), filed this personal injury lawsuit in Travis County state court against the purported corporate owners and operators of the Resort, Athens Gate Belize, LLC ("AGB"), Athens Gate Limited ("AGL"), Pelican Reef Belize, LLC ("PRB"), and Pelican Reef Villas Limited ("PRVL") (collectively, "Defendants"). *Baldwin v. Athens Gate Belize, LLC*, D-1-GN-19-008164 (126th Dist. Ct., Travis County, Tex. November 21, 2019). AGB and PRB are Texas limited liability companies with principal places of business in Austin, Texas. AGL and PRVL are Belizean companies with principal places of business in Belize. Plaintiff avers that Greg Drake and his wife, Lori Drake, who both are Texas residents, own and operate the four corporate Defendants. Plaintiff's Original Petition alleges negligence, gross negligence, breach of contract, and a violation of the Texas Deceptive Trade Practices Act ("TDTPA"). Plaintiff seeks damages in excess of $1 million.

On December 20, 2019, Defendants removed this lawsuit to federal court on the basis of diversity jurisdiction, contending that "removal is proper under 28 U.S.C. § 1441(b) because the

---

[1] Plaintiff alleges that the contact information provided on the website stated that the Resort's headquarters were in Austin, Texas, and the phone number had a Houston area code. Dkt. No. 9 at ¶¶ 21, 24.

only properly joined defendant is Athens Gate Limited, the property management company for the Athens Gate condominiums." Dkt. No. 1 at p. 2. Defendants argue that "[t]here is no plausible factual basis for any claim against any of the other defendants in the case, especially the two Texas limited companies [AGB and PRB] that have been sued (and improperly joined) in this lawsuit." *Id.* After removal, Defendants filed three separate Motions to Dismiss, arguing that this case should be dismissed for lack of personal jurisdiction, forum non conveniens, and failure to state a claim under FED. R. CIV. P. 12(b)(6). On January 21, 2020, Plaintiff filed a Motion to Remand, arguing that the Court should remand the case to state court because Defendants have failed to meet their burden to demonstrate improper joinder.

The Court addresses the Motion to Remand first because it concerns this Court's subject-matter jurisdiction.

## II. Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a). A civil action "otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Diversity jurisdiction typically requires "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The judicially created doctrine of improper joinder "constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). If a court finds that a non-diverse defendant has

3

been improperly joined, the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant, and exercise subject matter jurisdiction over the remaining diverse defendants. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

In evaluating a motion to remand, courts

> must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. In addition, we must resolve all ambiguities in the controlling state law in the plaintiff's favor. We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so.

*Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (cleaned up). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal.").

### III. Analysis

Plaintiff argues that Defendants improperly removed this case because Defendants AGB and PRB are domiciled in Texas, and the removal statute "precludes removal by a defendant that is domiciled in the forum state." Dkt. No. 15 at p. 4 (citing 28 U.S.C. § 1441(b)(2)). Section 1441(b)(2) states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants argue that removal was proper because AGB and PRB were improperly joined.

4

### A. Law of Improper Joinder

To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites for diversity jurisdiction in 28 U.S.C. § 1332 are satisfied. A court is prohibited by statute from exercising jurisdiction over a suit "in which any party has been *improperly* or *collusively* joined to manufacture federal diversity jurisdiction." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

In *Smallwood*, the Fifth Circuit Court of Appeals explained that improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* at 573. Here, only the second factor is at issue, and the applicable test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

To determine whether a plaintiff has a reasonable basis of recovery under state law, a court may resolve the issue in one of two ways. In most cases, the court conducts a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* In some cases, however, where a plaintiff has stated a claim but misstated or omitted discrete facts that would determine the propriety of joinder, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* A summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74.

The burden of persuasion on those who claim improper joinder "is a heavy one." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). Accordingly, courts view "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor. *Travis*, 326 F.3d at 647. In addition, courts "must take into account the status of discovery and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Davidson*, 819 F.3d at 765 (citation omitted).

### B. Did Plaintiff improperly join AGB and PRB?

Because Defendants are not arguing "actual fraud in the pleadings," to show improper joinder, they must demonstrate "that there is no possibility of recovery" by Plaintiff against AGB and PRB. *Smallwood,* 385 F.3d at 568. Applying the above framework, the Court first must review the allegations in the Petition at the time of removal to see if Plaintiff has alleged sufficient facts to state a plausible claim for relief against AGB and PRB. *See Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018).

In her petition, Plaintiff alleges claims for negligence, gross negligence, breach of contract, and a DTPA claim under Texas law. In order to allege a negligence claim under Texas law, "the plaintiff must produce evidence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach." *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 292 (5th Cir. 2016) (quoting *Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001)).

Plaintiff's petition includes the following allegations:
- "Defendants singularly or collectively possessed, owned, operated, managed, and controlled the Athens Gate Resort and the adjacent pier that caused Plaintiff's injuries forming the basis of this lawsuit." Dkt. No. 1-1 at ¶ 44.

- Plaintiff was a "business invitee" on the Resort and "Defendants owed a duty to exercise ordinary care, including the duty to discover any unreasonably dangerous conditions existing on the premises, the duty to warn Plaintiff of the existence of such dangerous conditions, and the duty to make the premises safe for use by Plaintiff." *Id.*

- Defendants knew or should have known that:
    - the changing water level around the pier due to tides and other natural phenomena was a dangerous condition;
    - guests routinely dove off the pier into the water; and
    - guests diving into the water from the pier without being warned or otherwise alerted to the changing water levels due to tides could result in an invitee sustaining a severe injury after diving into the water when it was too shallow, and that the condition posed an unreasonable danger and risk of harm to guests of the Resort. *Id.* at ¶ 45.

- "Defendants ignored this foreseeable and preventable hazard, failed to take reasonable steps to discover and correct the hazard by preventing Plaintiff and other guests from diving off the pier, and failed to warn Plaintiff of the existence of this hazardous condition of the premises although the dangerous condition had existed on the premises for such a period of time that it should have been discovered and corrected by Defendants." *Id.*

- "Defendants are legally responsible to Plaintiff for the negligent conduct of their agents and employees under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because at all times relevant to this suit Defendants' agents and/or employees present on the premises were in the course and scope of their duties and employment with Defendants." *Id.* at ¶ 46.

- "These wrongful acts and omissions by Defendants proximately caused the injuries and damages suffered by Plaintiffs for which they seek to recover in this lawsuit." *Id.*

- The Brazilian Defendants and the Texas Defendants are alter egos and their corporate separateness should be disregarded. *Id.* at ¶ 18, 54.

Defendants do not dispute that Plaintiff's Petition on its face alleges a plausible negligence claim. Instead, Defendants argue that the Court should go beyond a review of the Petition and consider the Declaration of Greg Drake which, according to Defendants, "conclusively establishes" that AGB and PRB have "absolutely nothing to do with Plaintiffs, Ms. Baldwin's injuries, or the claims in the case." Dkt. No. 23 at p. 3-4. Specifically, Drake provided testimony that the sole purpose and function of AGB and PRB is to maintain bank accounts. Dkt. No. 1-3.

Drake further testified that AGB and PRB do not:

- have any employees;
- provide any management, rental, or operations services to the Resort;
- own any interest in or have control over any part of the Resort;
- own any real estate; or
- own or operate the Resort's website.

Defendants argue that "the evidence conclusively demonstrates that there is no possibility of recovery against AGB LLC or PRB LLC," and these entities are improperly joined. Dkt. No. 23 at p. 5.

As stated in *Smallwood*, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." 385 F.3d at 573-74; *see also Cumpian,* 910 F.3d at 220 ("On a question of improper joinder at the early stage of a case, it is error to use the no-evidence summary judgment standard because the determination is being made before discovery has been allowed."). The parties have not conducted discovery and Defendants have simply stated that the evidence "conclusively demonstrates" that Plaintiff cannot recover against Defendants. "A conclusory statement that a claim is false, though, is not a discrete and undisputed fact." *Id.* at 221 (citation omitted).

Defendants have failed to sustain their burden to demonstrate that Plaintiff has no possibility of recovery because they are relying on disputed fact issues to argue that joinder was improper. Indeed, Plaintiff disputes all of the "conclusive facts" on which Defendants rely. As noted, Plaintiff alleges that the Texas entities and Brazilian entities are alter egos and allege that all of the Defendants were involved in the ownership and operation of the Resort.[2] Any contested issues of fact must be resolved in Plaintiff's favor. *See Travis*, 326 F.3d at 649.

---

[2] The Court also finds that the Defendants' arguments that Texas law does not apply in this case go to the merits of Plaintiff's claims and not the issue of improper joinder.

The Court finds that Plaintiff alleges sufficient facts in her Petition to state a plausible negligence claim against AGB and PRB.[3] Defendants have failed to sustain their burden to demonstrate that Plaintiff has "no possibility of recovery." *Smallwood,* 385 F.3d at 766. Accordingly, Plaintiffs' Motion to Remand (Dkt. No. 15) should be granted.

**C. Attorneys' Fees and Costs**

Plaintiff also seeks an award of attorneys' fees, costs, and expenses incurred as a result of the removal. Courts have the discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, however, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A fee award is inappropriate if the removing party "could conclude from [existing] case law that its position was not an unreasonable one." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

While the Court finds that removal was improper in this case, Plaintiff has not established that Defendants lacked an objectively reasonable basis for seeking removal. Accordingly, Plaintiff's request for attorneys' fees and costs should be denied.

**D. Motions to Dismiss**

Because the Court lacks diversity jurisdiction, it cannot address Defendants' Motions to Dismiss and those Motions should be dismissed as moot.

---

[3] To defeat Defendants' improper joinder claim, Plaintiff must only "point to one arguably reasonable basis for recovery under state law." *Savoy v. Swift Energy Operating Co.*, 2012 WL 2343169, at *4 (E.D. La. June 20, 2012). Accordingly, the Court need not address all of Plaintiff's claims to determine whether she has stated a plausible claim against Defendants.

## IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiffs' Motion to Remand and Request for Costs (Dkt. No. 15) be **GRANTED IN PART and DENIED IN PART**. The undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Remand and **REMAND** this case to state court. The undersigned **FURTHER RECOMMENDS** that the District Court **DENY** Plaintiff's Request for Costs.

The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Defendants' Motions to Dismiss (Dkt. Nos. 12-14) as **MOOT**.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 13, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE